name had been written upon the indictment before it was sent to the grand jury, as required by the act of assembly of Virginia of November 13, 1792, p. 105, §§ 23, 24; and contended that the court would have quashed the indictment upon motion before trial. That there was no difference in principle between a motion to quash, and a motion to arrest the judgment. If there was good ground to quash, there was, a fortiori, good ground to arrest. 4 Bl. Comm. 375; 1 Chit. Cr. Law, 661, 663, 664. The new statute of jeofails of Virginia of 1819 was passed before the case of Com. v. Chalmers, 2 Va. Cas. 76, 77. See Leigh, Comp. St. Va. p. 611.

Mr. Key, contra. Nothing appears upon the face of the indictment to arrest the judgment. The case of Com. v. Chalmers, 2 Va. Cas. 76, 77, is decisive. See, also, Wortham's Case, 5 Rand. (Va.) 669.

THE COURT overruled the motion; THRUSTON, Circuit Judge, not giving any opinion. THE COURT did not state the reasons for their decision, but the grounds were, that the provision of the statutes requiring the name of a prosecutor to be written on the indictment, was for the benefit of the defendant, that he might have security for costs, and to prevent unnecessary expense to the United States. If the defendant goes to trial without such security, he must be considered as having waived the benefit; and the United States have already incurred the expense.

[See Case No. 15,616.]

## Case No. 15,616.

### UNITED STATES v. LLOYD.

[4 Cranch, C. C. 467.] 1

Circuit Court, District of Columbia. May Term, 1834.

INDICTMENT — MOTION TO QUASH — PROSECUTOR'S NAME ON INDICTMENT.

1. A motion to quash an indictment for want of the name of a prosecutor, is too late after verdict.

2. The court will not quash the indictment for want of the name of a prosecutor if the witnesses were called for by the grand jury; but will quash an indictment where the name of a prosecutor was not indorsed, and no order of court to send the witnesses to the grand jury, and it does not appear that the witnesses were called for by the grand jury.

Assault and battery.

In U. S. v. Turley [Case No. 16,546], in this court, at November term, 1833, the court was of opinion that the objection, for want of a prosecutor, was too late after verdict; but agreed to hear Mr. Hewitt again in [Henry] Lloyd's cases, on that point. [See Case No. 15,615.] It does not appear, however, that in these causes any thing further has been said upon it. The doctrine in Tur-

ley's Case, may, therefore, be considered as conceded.

Mr. Hewitt moved to quash this indictment.

The proceedings respecting the witnesses appeared to be as follows: On the second day of the term the witnesses were called upon by the grand jury and sworn. It appeared by the defendant's recognizance, returned by the justice, that certain persons were witnesses. Their names were indorsed on the indictment by the grand jury, who certify by their foreman, that they were called on by the grand jury. See Va. Law, pp. 105, 346.

Mr. Hewitt contended, that the act of 1795, p. 346, § 2, applies only to cases where the fact is known to some of the grand jurors of their own knowledge, and not of the information of others.

THE COURT (THRUSTON, Circuit Judge, contra) refused to quash the indictment, where the witnesses appeared to have been called upon by the grand jury. But (nem. con.) quashed another, where there was no prosecutor indorsed, and no order of the court to send the witnesses to the grand jury; and it did not appear that the grand jury had called for them.

## Case No. 15,617.

### UNITED STATES v. LLOYD.

[4 Cranch, C. C. 468.] 1

Circuit Court, District of Columbia. Oct. 18. 1834.

ASSAULT AND BATTERY—UPON SLAVE.

1. A simple assault and battery on a slave is not an indictable offence. A simple assault upon a slave, even with intent to murder him, is not an offence at common law.

2. There must be a battery, as well as an assault with an intent to kill, to bring the case within the penitentiary act [4 Stat. 448]. The court refused to quash the indictment without prejudice to a motion in arrest of judgment.

[This was an indictment against Henry Lloyd.]

Assault and battery. The first count was for a simple assault and battery upon a slave. The second count was for assault (not assault and battery) with intent to kill and murder, a negro slave, Harry.

Mr. Brent, in arguing to the jury, contended that the second count is not a good count under the penitentiary act, which requires that there should be a battery as well as an assault with an intent to kill.

Mr. Key, contra, that it is a good count at common law.

Verdict, guilty on both counts, and amerced by the jury $20 on the first count.

THE COURT (nem. con.) was of opinion, that a simple assault and battery on a slave, is not an indictable offence; that a simple assault upon a slave, even with an intent to murder him, is not an offence at law; that

---

1 [Reported by Hon. William Cranch, Chief Judge.]

1 [Reported by Hon. William Cranch, Chief Judge.]

the second count was bad under the penitentiary act, because it did not charge a battery.

CRANCH, Chief Judge, doubted of this, because the murder of a slave is a felony, and an assault with intent to commit a felony is a misdemeanor, at common law.

October 18, 1834. A new indictment was this day found by the grand jury against the defendant. The first count was for publicly and cruelly beating Harry, a slave. Second count for assault and battery with intent to murder the slave, Harry.

Mr. Brent, for the defendant, moved to quash the indictment, because, he contended, it was not an offence to assault and beat a slave; even with intent to murder him.

THE COURT (nem. con.) refused to quash the indictment, without prejudice to a motion in arrest of judgment, if the verdict should be against the defendant.

---

## Case No. 15,618.

### UNITED STATES v. LLOYD.

[4 Cranch, C. C. 470.] [1]

Circuit Court, District of Columbia. Oct. Term, 1834.

BEATING SLAVE—COMMON-LAW OFFENCE.

The owner of a slave who beats him cruelly, and exposes him, so beaten, to public view is guilty of a misdemeanor at common law.

Indictment [against Richard B. Lloyd] for beating his own slave Henry, cruelly, and exposing him, so beaten, to public view.

Verdict guilty, and amerced by the jury $100.

Mr. Brent, for the defendant, moved in arrest of judgment, because the indictment, as he contended, did not state an indictable offence, and cited Turner's Case (1827) 5 Rand. (Va.) 678, and U. S. v. Brockett [Case No. 14,651], in this court, some years ago, for cruelly beating his own slave. He also moved for a new trial, on the ground of misdirection by the court to the jury; and because the verdict was against evidence.

THE COURT overruled both motions, and rendered judgment for the amount assessed by the jury.

---

## Case No. 15,619.

### UNITED STATES v. LLOYD.

[4 Cranch, C. C. 472.] [1]

Circuit Court, District of Columbia. Oct. Term, 1834.

ASSAULT AND BATTERY — INDICTMENT—VERDICT—WITNESS.

1. Upon an indictment for assault and battery on M. H. with intent to kill him, a verdict, "Guilty of an assault by shooting M. H. with intent to kill," is substantially a general verdict of guilty.

[1] [Reported by Hon. William Cranch, Chief Judge.]

2. An indictment under the penitentiary act for assault and battery with intent to kill, need not aver it to be done with malice aforethought, nor with any other evil intent than the intent to kill.

3. Upon a suggestion that a witness, whose affidavit had been taken in support of a motion for a new trial, was an idiot, the court required the witness to be brought in and examined in court, but refused to order another witness whose affidavit had also been taken for the same purpose, to be brought in and examined, his affidavit not being impeached.

Indictment [against Richard B. Lloyd] for assault and battery on Moses Hepburn, with intent to kill him. Verdict, "guilty of an assault by shooting Moses Hepburn with intent to kill, but not with malice aforethought."

The second count charged that the defendant, &c., at &c., "with force and arms in and upon one Moses Hepburn, in the peace of God and the said United States, did make an assault, and him the said Moses Hepburn, did then and there beat, shoot, and ill treat, with intent him the said Moses, then and there to kill, and other wrongs and injuries then and there did, to the great damage of the said Moses, against the peace and government of the United States, and against the form of the statute in such case provided."

Upon a motion in arrest of judgment, W. L. Brent, for defendant, objected that the verdict did not find a battery; and that the indictment does not charge the manner of shooting, kind of weapon, kind of shot, &c.; and does not state that the defendant unlawfully assaulted the said Hepburn; and cited 1 Russ. 585. It might have been done in his own defence.

THE COURT (THRUSTON, Circuit Judge, contra) was of opinion that the second count, and the verdict thereupon, were sufficient.

THRUSTON, Circuit Judge, thought that the indictment should have charged that the assault and battery was wilful, unlawful, or malicious, and should have set forth the manner of the beating and the weapon, &c.

Upon a subsequent argument (on the 11th of October, 1834), Mr. Brent and Mr. Fauntleroy, for defendant, cited 1 Chit. Cr. Law, 227, 228, 233, 242, 245, 276, 286, 643; and Mr. Key, for the United States, cited Chit. 644.

PER CURIAM. This is substantially a verdict of guilty; for the shooting of a man is, in law, a battery upon that man, and the assault and the intent to kill are expressly found. The statute does not require that the act should be done with malice aforethought. The finding, therefore, that it was not done with malice aforethought is an immaterial finding, and is surplusage. The jury, therefore, have found every thing necessary to constitute the statute offence. We do not think it can be necessary, in an indictment upon this clause of the statute, to aver any other evil intent than the intent to kill, which is expressly averred; for it would be tautology to say that the defendant, with evil intent made an assault and battery on the man with intent to kill him.